**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| JOEY LAGUNA, | 3:07-CV-244-BES (RAM) |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| vs. | **OF U.S. MAGISTRATE JUDGE** |
| JOSEPH BRACKBILL, et al., | |
| Defendants. | |

This Report and Recommendation is made to the Honorable Brian E. Sandoval, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4. Before the court is Defendants' Motion for Summary Judgment. (Doc. #14[1].) Plaintiff has failed to respond to Defendants' motion. After a thorough review, the court recommends that the motion be granted.

**I. BACKGROUND**

This is an inmate civil rights complaint brought under 42 U.S.C. § 1983. Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC). (Defs. Mot. for Summ. J. 2 (Doc. #14).) Defendants are employees of the NDOC. (Pl.'s Am. Compl. 2-6 (Doc. 36).) Plaintiff suffers from a degenerative eye condition that has left him with minimal vision in both eyes. (Mot. for Summ. J. 4.) On November 12, 2007, Plaintiff filed a grievance requesting corrective eye surgery, treatment and care for his eye condition, and an opportunity to speak with a "disability rights coordinator" concerning his rights under the Americans with

---
[1] Refers to the court's docket number.

Disabilities Act. (*Id.* Ex. B.) On May 6, 2008, Plaintiff received a corneal transplant in his right eye to improve his eyesight. (*Id.*)

On May 23, 2007, Plaintiff filed a complaint *pro se* alleging constitutional violations. (Doc. # 1.) The court dismissed Plaintiff's complaint with leave to amend on August 2, 2007. (Doc. #3.) On May 28, 2008, Plaintiff filed an amended complaint pursuant to 42 U.S.C. § 1983 asserting violations of the First, Fifth, Eighth, and Fourteenth Amendments, the Americans with Disabilities Act, and Nevada Revised Statutes §§ 209.131, 209.161, 209.165, and 209.4465. (Doc. #6.) In a screening order issued October 17, 2008, the court dismissed most of Plaintiff's claims but found that Plaintiff stated colorable claims under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, and the Rehabilitation Act, 29 U.S.C. § 794. (Doc. #7.) Specifically, Plaintiff claims that he cannot properly access the grievance procedure or the law library because Defendants have failed to provide him assistance or access to large print materials, which he requires due to his eye condition. (Am. Compl. 28.)

## **II. LEGAL STANDARD**

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute over the facts before the court. *Northwest Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). All reasonable inferences are drawn in favor of the non-moving party. *In re Slatkin*, 525 F.3d 805, 810 (9th Cir. 2008) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 244 (1986)). Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Id.* (citing Fed. R. Civ. P. 56(c)). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995), *cert. denied*, 516 U.S. 1171 (1996). In deciding whether to grant summary judgment, the court must view all evidence and any inferences arising from the evidence in the light most favorable to the nonmoving party. *Bagdadi*, 84 F.3d at 1197. In doing so, the court must defer to the professional judgment of prison administrators when an inmate civil rights complaint

2

is involved. *Beard v. Banks*, 548 U.S. 521, 526, 530, 126 S.Ct. 2572, 65 L.Ed.2d 697 (2006); *Overton v. Bazzetta*, 539 U.S. 126, 132, 123 S.Ct. 2162, 156 L.Ed.2d 162 (2003).

The moving party bears the burden of informing the court of the basis for its motion, together with evidence demonstrating the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the party opposing the motion may not rest upon mere allegations or denials of the pleadings, but must set forth specific facts showing there is a genuine issue for trial. *Anderson,* 477 U.S. at 248. Although the parties may submit evidence in an inadmissible form, only evidence which might be admissible at trial may be considered by a trial court in ruling on a motion for summary judgment. Fed. R. Civ. P. 56(c).

In evaluating the appropriateness of summary judgment, three steps are necessary: (1) determining whether a fact is material; (2) determining whether there is a genuine issue for the trier of fact, as determined by the documents submitted to the court; and (3) considering that evidence in light of the appropriate standard of proof. *Anderson*, 477 U.S. at 248. As to materiality, only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment; factual disputes which are irrelevant or unnecessary will not be considered. *Id*. Where there is a complete failure of proof concerning an essential element of the nonmoving party's case, all other facts are rendered immaterial, and the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323.

### III. DISCUSSION

**1.   AMERICANS WITH DISABILITIES ACT**

Plaintiff alleges that he cannot access the grievance procedure or law library materials because of his eye condition. (Am. Compl. 2-6.) Plaintiff argues that Defendants failed to accommodate his disability thereby violating the ADA. (*Id*. 26-28.)

Defendants argue that Plaintiff did not request accommodations with respect to the filing of grievances or law library access, therefore, Defendants' duty to accommodate Plaintiff's

3

disability never arose. (Mot. for Summ. J. 6.)

Title II of the Americans with Disabilities Act (ADA) applies to public entities and prohibits discrimination on the basis of disability. *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002). To establish a violation of Title II of the ADA, a plaintiff must show: (1) he is a qualified individual with a disability; (2) he was excluded from participation in or denied the benefits of a public entity's services, programs, or activities; and (3) such exclusion, denial, or discrimination was by reason of the disability. *Weinreich v. Los Angeles County Metro. Transp. Auth.*, 114 F.3d 976, 978 (9th Cir. 1997). A public entity must make reasonable modifications in policies, practices, or procedures when necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity. 28 C.F.R. § 35.130.

Defendants concede that Plaintiff has a disability as defined under the ADA and that Plaintiff is entitled to access the inmate grievance process and the law library. However, Defendants contend that Plaintiff was not denied benefits because of his disability. Under NDOC policy, according to Defendants, reasonable accommodations are provided to inmates with a documented disability so that they are not denied access to either the grievance procedure or the law library. (Mot. for Summ. J.  Ex. A ¶ 5 [Decl. of James Baca].)  For instance, the law library has the capability to print in large print and will do so if requested by an inmate with a documented visual impairment (*Id.*) Additionally, regulations implementing the inmate grievance procedure provide that assistance must be given to inmates "who are disabled, physically impaired or otherwise unable to understand and effectively use the procedures of this Regulation." (Mot. for Summ. J.  Ex. C [NDOC Administrative Regulations Manual, AR 740.01 § 1.7.1.3].)

Defendants complied with the ADA by modifying prison practices and procedures to allow inmates with disabilities to request reasonable accommodations to use the grievance procedures and access the law library. Plaintiff successfully filed several grievances and commenced litigation without requesting accommodations from NDOC employees. Plaintiff

4

failed to notify Defendants that he required reasonable accommodations, thus, Defendants' duty to provide reasonable accommodations never arose.

Plaintiff has failed to provide any evidence supporting his claim that Defendants failed to provide reasonable accommodations as required under the ADA. As the moving party, Defendants have met their burden in putting forth evidence showing the absence of a genuine issue of material fact. Because Plaintiff, as the non-movant, has failed to produce evidence as to an essential element of his case, Defendants are entitled to summary judgment on Plaintiff's ADA claim.

**2.    REHABILITATION ACT**

Plaintiff and Defendants advance the same arguments for Plaintiff's Rehabilitation Act claim as they asserted for Plaintiff's ADA claim.

The Rehabilitation Act (RA) applies to federally-funded programs and prohibits discrimination on the basis of disability. *Lovell*, 303 F.3d at 1052. Similar to establishing a violation of Title II of the ADA, to establish a violation of § 504 of the RA a plaintiff must show: (1) he is handicapped within the meaning of the RA; (2) he is otherwise qualified for the benefit or services sought; and (3) he was denied the benefit or services solely by reason of his handicap. *Id*.

As discussed above, Plaintiff was not denied a benefit or service by reason of his disability. Defendants provide specific assistance for disabled inmates to use the grievance procedures and access the law library, which Plaintiff failed to use.

Plaintiff has failed to provide any evidence supporting his claim that Defendants denied him a benefit solely by reason of his handicap. As the moving party, Defendants have met their burden in putting forth evidence showing the absence of a genuine issue of material fact. Because Plaintiff, as the non-movant, has failed to produce evidence as to an essential element of his case, Defendants are entitled to summary judgment on Plaintiff's RA claim.

/ / /

/ / /

## IV. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an Order **GRANTING** Defendants' Motion for Summary Judgment (Doc. #14).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within ten (10) days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. Civ. P., should not be filed until entry of the District Court's judgment.

DATED: August 25, 2009.

_____
UNITED STATES MAGISTRATE JUDGE